IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00830-PAB-BNB

JULIE SEGURA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

**ORDER**

This matter is before the Court on the Motion for Attorney's Fees [Docket No. 14] filed by plaintiff Julie Segura.

## I. BACKGROUND

On April 2, 2012, plaintiff filed a complaint [Docket No. 1] against defendant Midland Credit Management, Inc. ("Midland") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. In her complaint, plaintiff sought damages and reasonable attorney's fees and costs pursuant to § 1692k(a). On April 16, 2012, defendant served plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, which plaintiff accepted on April 30, 2012 [Docket No. 10]. On May 2, 2012, the Court entered judgment in favor of plaintiff and against defendant in the amount of $1,001.00, plus plaintiff's costs and reasonable attorney's fees [Docket No. 11].

In the instant motion, plaintiff requests $4,830.00 in attorney's fees based on

16.1 hours of work provided by his attorney, David M. Larson, at an hourly rate of $300.00. Docket No. 14 at 6. Defendant opposes the motion for attorney's fees and challenges Mr. Larson's hourly rate, the number of hours worked by Mr. Larson, and the inclusion of hours worked for tasks defendant asserts are clerical in nature, unnecessary, or duplicative. Docket No. 15 at 9-14.

## II.  ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### A.  Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy her burden, plaintiff

must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In support of her attorney's hourly rate, plaintiff relies on (1) Mr. Larson's experience litigating over 1,500 FDCPA cases in Colorado over the past decade, (2) his participation in eight National Consumer Law Center Conferences, (3) an affidavit submitted by Richard Wynkoop, (4) decisions from the District finding that a rate of $250.00 per hour is reasonable for consumer law advocates, and (5) Magistrate Judge Boyd N. Boland's Recommendation in *King v. Midland Credit Management, Inc.*, 11-cv-02808-CMA-BNB, 2012 WL 3590788 (D. Colo. Mar. 1, 2012), that the Court award Mr. Larson fees at a reasonable rate of $300.00.  Docket No. 14 at 6-13.  The Court finds that none of this evidence establishes that the prevailing market rate for attorneys with Mr. Larson's experience is $300.00 per hour.

First, Mr. Larson's experience does not, by itself, establish the reasonableness of an hourly rate of $300.00.  Such evidence establishes only the relevant basis of comparison when determining the prevailing market rate for similarly-situated attorneys in the State of Colorado.

Second, plaintiff's citation to *King* is inapposite as Judge Arguello subsequently held that "$300/hour is an unreasonable hourly rate and not in keeping with the prevailing market rate in the local community for lawyers of comparable skill, experience, and reputation," and modified the Recommendation accordingly.  *King*, 2012 WL 3590787, at *2 ("Numerous cases from this district have found that Plaintiff's

counsel's reasonable rate is $250/hour. . . .  In accordance with those decisions, and the well-reasoned opinions contained therein, the Court determines that the reasonable rate in this district for lawyers with skill and experience comparable to Plaintiff's counsel, performing similar work related to the Fair Debt Collection Practices Act, is $250/hour.").

Third, Mr. Wynkoop's affidavit is unpersuasive.  Mr. Wynkoop claims that an hourly rate of $300.00 per hour is reasonable because (1) Mr. Wynkoop and other unidentified Colorado consumer law attorneys charge their clients $300.00 per hour for their services and (2) Denver attorneys who have handled a similar volume of civil litigation charge their clients $300.00 per hour for their services.  Docket No. 14-1 at 2, 5-6.

The fact that Mr. Wynkoop charges $300.00 per hour for his services does not establish that $300.00 per hour is the prevailing market rate for consumer law advocates in the State of Colorado.  Mr. Wynkoop does not reveal the identity of other "attorneys of similar experience in this District" or "[a]ttorneys at large law firms in the Denver Metropolitan area with 10 years of litigation experience."  Docket No. 14-1 at 6, ¶ 28.  The Court does not doubt that Mr. Wynkoop is correct in stating that "[v]ery few attorneys have successfully handled the number of civil cases that Mr. Larson has in this District," Docket No. 14-1 at 6, ¶ 28, but is not convinced that volume alone is a fair index of an attorney's skill, as it does not account for other variables, such as the complexity, novelty, or duration of litigation.

The lodestar standard does not envision consideration of Mr. Larson's experience in a vacuum, and the majority of the evidence establishes that the prevailing

rate in Colorado remains $250.00 per hour. Accordingly, the Court concludes that $250.00 is a reasonable hourly rate in this district for attorneys with the same skill and experience as Mr. Larson.[1]

### B. Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney

---

[1] This holding is consistent with other decisions by this Court, *see Howard v. Midland Credit Mgmt., Inc.*, No. 11-cv-03123-PAB-BNB, 2012 WL 4359361 (D. Colo. Sept. 24, 2012), and from this District. *See, e.g.*, *Nuanes v. NCC Business Servs., Inc.*, No. 12-cv-0228-WJM-MJW, 2012 WL 5464598 (D. Colo. Nov. 9, 2012); *Castro v. First Nat'l Collection Bureau, Inc.*, No. 11-cv-02298-REB-KMT, 2012 WL 4468318 (D. Colo. Sept. 27, 2012); *Skaer v. Nat'l Action Fin. Servs., Inc.*, No. 08-cv-00422-REB-MJW, 2009 WL 724054 (D. Colo. Mar. 18, 2009); *Babeon v. Nat'l Action Fin. Servs., Inc.*, No. 08-cv-00027-JLK-CBS; *Miller v. Cavalry Portfolio Servs., LLC*, No. 08-cv-00772-ZLW-KLM; *Ocker v. Nat'l Action Fin. Servs., Inc.*, No. 08-cv-00421-REB-MJW, 2008 WL 4964772 (D. Colo. Nov. 18, 2008); *Harper v. Phillips & Cohen Assocs., Ltd*, No. 08-cv-01500-REB-KLM, 2009 WL 3059113 (D. Colo. Sept. 21, 2009).

would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

Defendant argues that plaintiff seeks an unreasonable number of attorney hours. Specifically, defendant claims that, in addition to time billed by Mr. Larson for what amounts to clerical tasks, plaintiff's fee request contains excessive and duplicative entries. Docket No. 15 at 9. Defendant requests a reduction in plaintiff's fee request from $4,830.00 to $1,770.00 based on the $300.00 hourly rate. Docket No. 15 at 14. In other words, defendant requests a reduction of 10.2 hours from plaintiff's demand of 16.1 hours worked.

In *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), the Supreme Court found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." *Id*. at 288 n. 10. The Court reasoned that such non-legal work may command a lesser rate, but its "dollar value is not enhanced just because a lawyer does it." *Id*. In addition, the Tenth Circuit has recognized that the practice of "block billing"–combining multiple tasks within a single period of time, instead of itemizing the time spent on each task–can "camouflage the work a lawyer does" and thus "naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). District courts have discretion to "reduc[e] a plaintiff's fee request when the request is based on time records that are"rather sloppy and imprecise." *Id*. at 1284-85 (internal citations

omitted).

Here, Mr. Larson claims $1,050 for a 3.5-hour block of time on April 1, 2012, when he "Listen[ed] to the two audio recordings again, transcribe[d] certain portions, review[ed] Experian credit reports dated 12/16/11 and 3/13/12 again, review[ed] Correspondence from the Defendant to the Plaintiff, Draft[ed] JSO44 Sheet, Summons And Draft[ed] Detailed 22 page Complaint with 169 numbered paragraphs of allegations."  Docket No. 14 at 3.  This entry does not permit the Court to distinguish time spent on compensable work from that spent on non-compensable clerical work (such as transcribing the phone conversation) and constitutes "strong evidence that a claimed amount of fees is excessive."  *Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 617 (10th Cir. 2009).  Accordingly, the Court reduces this entry by 1 hour.

Furthermore, a review of plaintiff's time entries reveals that 0.7 hours of plaintiff's fee request is devoted to non-compensable clerical or administrative tasks, namely, e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process.  *See Jenkins*, 491 U.S. at 288 n.10. Additionally, the Court finds that the 0.3 hours spent on a phone call with Mr. Wynkoop is duplicative because Mr. Wynkoop files affidavits in all of Mr. Larson's cases and there is no explanation of how each of these conversations differ from case to case.

Accordingly, the Court concludes that the reasonable number of hours spent by plaintiff's attorney in this case is 14.1 hours.[2]

---

[2] Defendant argues that any award over $1,500 would be per se unreasonable because plaintiff declined defendant's April 11, 2012 offer to settle the matter in exchange for $2,670 and forgiveness of plaintiff's outstanding debt.  Docket No. 15-1; Docket No. 15 at 5.  Defendant contends that the sum offered included the statutory

### C.  Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $3,525.00 (14.1 hours multiplied by a $250.00 hourly rate).  This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys.  *Blum*, 465 U.S. at 893-94.

### D.  Attorney's Fees for Litigating the Attorney Fee Dispute

Plaintiff requests additional attorney's fees for 2.8 hours spent litigating the attorney's fee issue.  *See* Docket No. 17 at 10.  Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled.  *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986).  "It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary."  *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (quoting *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 54 n.8 (3d Cir. 1978)).  As plaintiff's motion for attorney's fees was mostly successful, the Court will award fees in the amount of $625.00, corresponding to 2.5 hours spent litigating the fee issue.  This award is proportionate to plaintiff's success on the underlying motion.

---

penalty of $1000, the $410 filing fee, and attorney's fees at the rate of $250/hour for five hours.  *Id*.  However, as of April 11, 2012, Mr. Larson had billed 7.8 hours of time.  Thus, defendant's offer did not cover the time spent.  Had defendant's offer covered the full amount, in addition to the statutory damages and filing fee, the Court's analysis might have been different.

## III. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion for Attorney's Fees [Docket No. 14] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff Julie Segura shall be awarded $4,150.00 in attorney's fees.

DATED February 14, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge